UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-81556-Civ-Middlebrooks/Brannon

VALERIE L. WHETZEL,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

## DISCOVERY PLAN

The parties hereto, through counsel, herewith submit their joint proposed Discovery Plan, pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L. R. 16.1 and 26.1.

**1. An estimated valuation of the case from the perspective of Plaintiff and Defendant;**

    **(a) Plaintiff:** As result of Defendant's violation of 15 U.S.C. § 1692e(10), Plaintiff is seeking an award of any actual damages sustained by Plaintiff; such additional damages as the court may allow, but not exceeding $1,000.00; and the costs of this action, together with a reasonable attorney's fee as determined by the court.

        **i.** Actual damage: Non-pecuniary damages for emotional distress may not be susceptible to computation; therefore, it is within the jurors' ability to determine a reasonable amount. As such, Plaintiff is not required to provide Defendant with a calculation of her suggested compensatory damages for emotional distress.

        **ii.** Additional (statutory) damage: such additional damages as the court may allow, but not exceeding $1,000.00.

        **iii.** Costs of the action, together with reasonable attorney's fees as determined by the court: $3,985.75 – $3,585.75 in attorney's fees (to date); $400.00 in filing fees. Costs of the action, together with reasonable attorney's fees continue to accrue.

    **(b) Defendant:** Defendant denies any violation of 15 U.S.C. § 1692e(10); however, damages are limited to statutory damages not to exceed $1,000.00, plus the costs of this action, together with a reasonable attorney's fee as determined by the court.

2. **The date for exchanging initial disclosures pursuant to Rule 26(a)(1);**

January 20, 2020.

3. **The subjects on which discovery may be needed;**

Discovery may be needed on all allegations, claims, and affirmative defenses alleged in the Complaint and Answer and will be conducted by (including, but not limited to) depositions, Interrogatories, Requests for Admission and Requests for Production of Documents.

4. **Whether the Parties can agree to limit discovery on particular issues through stipulation;**

The parties cannot agree to limit discovery on particular issues through stipulation.

5. **What document discovery is needed;**

Defendant's mortgage servicing records; life-of-loan transaction history; Keep Your Home California (KYHC) documents.

Plaintiff's records related to the subject loan, including records evidencing payments remitted towards the subject loan and correspondence with KYHC related to the subject loan.

6. **Whether discovery should be conducted in phases;**

Discovery should not be conducted in phases.

7. **Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain:**

The Parties do not expect to have disclosure, discovery, or preservation of electronically stored information.

   (a)   **The main information and documents sought;**

   N/A

   (b)   **The expected costs of e-discovery; and**

   N/A

   (c)   **Whether alternatives to e-discovery are possible.**

   N/A

8. **What individuals each side intends to depose;**

   Plaintiff intends to depose Defendant's Fed. R. Civ. P. 30(b)(6) corporate representative.

   Defendant intends to depose Plaintiff, Keep Your Home California (KYHC)'s Fed. R. Civ. P. 30(b)(6) corporate representative and CIT Bank f/k/a One West Bank's Fed. R. Civ. P. 30(b)(6) corporate representative.

9. **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

   A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material, pursuant to Fed. R. Civ. P. 26(b)(5), shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material. Such a privilege log shall be limited to communications prior to the commencement of this action, and shall be produced within (21) days following the date that the documents memorialized in the privilege log were to be produced by the party from whom discovery is being sought. If a party becomes aware of a privileged document having been produced the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure of the Local Rules; and**

    No changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules.

11. **Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

    Settlement conference prior to close of discovery would be beneficial.

DATED: January 3, 2020                                  Respectfully submitted,

**VALERIE L. WHETZEL**                                  **OCWEN LOAN SERVICING LLC**

By: */s/ Alexander J. Taylor*                           By: */s/ Neda Ghomeshi*

Alexander J. Taylor                                     Neda Ghomeshi
SULAIMAN LAW GROUP, LTD.                                HINSHAW & CULBERTSON LLP
2500 South Highland Avenue                              2525 Ponce de Leon Boulevard
Suite 200                                               4th Floor
Lombard, Illinois 60148                                 Coral Gables, Florida 33134

+1 630-575-8181  
ataylor@sulaimanlaw.com

+1 305-358-7747  
nghomeshi@hinshawlaw.com